IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
THE PORT OF PORTLAND, a Port District )
and Political Subdivision of the       )
State of Oregon,                       )   CV 98-886-PA
                                       )
          Plaintiff,                   )
                                       )
     v.                                )
                                       )
UNION PACIFIC RAILROAD COMPANY, a      )   ORDER
Utah Corporation,                      )
                                       )
          Defendant.                   )
```

**PANNER, J.**

Plaintiff Port of Portland brings this action against defendant Union Pacific Railroad Co. After a court trial, I entered judgment in favor of plaintiff.

Plaintiff, the prevailing party, has filed a bill of costs, seeking $12,350.17. Defendant objects to $6,190.20 of

1 -- ORDER

plaintiff's requested costs. I award plaintiff its requested costs.

## STANDARDS

The prevailing party is entitled to its costs "unless the court otherwise directs." Fed. R. Civ. P. 54(d). The district court has discretion to award those costs authorized by 28 U.S.C. § 1920. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1157 (9th Cir. 2000).

## DISCUSSION

### I. Deposition Transcripts for Expert Witnesses

Plaintiff requests court reporters' fees of $2,871.70 for the deposition transcripts of seven expert witnesses hired by the parties. Defendant objects, arguing that "[t]hese were discovery depositions and none of the deposition testimony was used as substantive evidence in the trial of this case."

Plaintiff is entitled to the expenses of trial and deposition transcripts if the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920; see Aflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam). "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the

2 -- ORDER

deposition unneeded at the time of trial or summary disposition." <u>Frederick v. City of Portland</u>, 162 F.R.D. 139, 143 (D. Or. 1995) (citations omitted); <u>Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.</u>, No. 99-36156, 2001 WL 897384, at *5 (9th Cir. Aug. 10, 2001) (court may tax cost of materials not used at trial).

Here, I conclude that the deposition transcripts of the expert witnesses were reasonably necessary for plaintiff's attorneys to understand the complex factual disputes. The transcripts aided plaintiff at trial in the cross-examination of defendant's experts, and in responding to the cross-examination of plaintiff's experts.

**II. Witness Expenses for Betsy Striplin**

Plaintiff requests $619.50 in expenses for Betsy Striplin, one of plaintiff's expert witnesses. Defendant objects.

Although I found that defendant's critique of Striplin's testimony was persuasive, Striplin's testimony did help to show the difficulty of predicting the course of future remediation efforts. Plaintiff is entitled to recover Striplin's witness expenses. <u>See</u> 28 U.S.C. §§ 1821 & 1920.

**III. Trial Transcript**

Plaintiff requests $2,699 in court reporter's fees for the trial transcript. As defendant points out, plaintiff did not

request the trial transcript until almost a month after the completion of trial, so plaintiff did not use the transcript during trial.

The court has discretion to tax as costs court reporter's fees for a trial transcript. See <u>Independent Iron Works, Inc. v. U.S. Steel Corp.</u>, 322 F.2d 656, 677-78 & n.26 (9th Cir. 1963); <u>Association of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.</u>, 976 F.2d 541, 551 (9th Cir. 1992). The statute does not limit taxable costs to only transcripts obtained for use before or during trial. See <u>Berner v. British Commonwealth Pacific Airlines</u>, 362 F.2d 799, 801 (2d Cir. 1966).

Here, I find that the expense of the trial transcript is taxable. The transcript was reasonably necessary for plaintiff's post-trial motions, especially because the trial was to the court and involved several battles between expert witnesses.

## CONCLUSION

Plaintiff is awarded $12,350.17 in costs.

DATED this 4th day of September, 2001.

/s/ Owen M. Panner
_____
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

4 -- ORDER